**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSE M. BETANCOURT,<br><br>    Plaintiff<br>    v.<br><br>KINGS HARBOR MULTICARE CENTER,<br>et al.,<br><br>    Defendants | CIVIL NO. 09-1932 (SEC) |

## OPINION AND ORDER

Before this Court is a motion (Docket # 1) filed by Plaintiff, Jose M. Betancourt (hereinafter "Plaintiff"), praying to proceed *in forma pauperis* under 28 U.S.C. Section 1915(a). The motion is accompanied by the instant Complaint (Docket # No. 2), dated September 16, 2009. For the reasons set forth below, Plaintiff's motion to proceed *in forma pauperis* shall be **DENIED**, and the present action will be **DISMISSED WITHOUT PREJUDICE**.

The pleadings made in this case suggest that it is an action against a nursing home facility in Bronx, New York. See Docket # 2. Plaintiff brings the present action for breach of contract, breach of fiduciary duty, larceny, fraud, negligence, medical malpractice, legal malpractice, and civil rights violations. As no allegations have been made regarding acts occurring in the District of Puerto Rico, and the Defendant in this case is an entity based out of the State of New York, the proper venue for the case appears to be the United States District Court for the Southern District of New York. See 28 U.S.C. Section 1391(b). Therefore, this

CIVIL NO. 09-1932                                -2-

Court has the jurisdiction to dismiss this case without prejudice on venue grounds. 28 U.S.C. Section 1406(a).

However, 28 U.S.C. § 1915(e) allows for a case litigated *in forma pauperis* to be dismissed at any time "if satisfied that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." Accordingly, there is basis for dismissal if the claim proffers an indisputably meritless legal theory that lacks a basis in the law. Neitzke v. Williams, 490 U.S. 319, 327 (1989). This Court understands that the present action presents incomprehensible and frivolous allegations. As listed above, Plaintiff makes a host of unrelated claims against Defendant ranging from larceny, to breach of fiduciary duty, to medical malpractice. Furthermore, the Complaint contains only legal conclusions and citations of federal law, entirely lacking factual allegations. Under Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937 (2009), such complaint cannot proceed in federal court. This court also notes that Plaintiff has filled a number of similar lawsuits in this district since 2006, nearly all of which have been dismissed as frivolous. See, e.g., Betancourt v. Calderoni, 06 cv. 1903 (D.P.R. Nov. 11, 2007); Betancourt v. Sepulveda, 07 cv. 1850 (D.P.R. Nov. 11, 2007); Betancourt v. Vigoritto, 07 cv. 1851 (D.P.R. Dec. 11, 2007); Betancourt v. Calderon, 07 cv. 1852 (D.P.R. Apr. 18, 2008). As is the case in the present action, Plaintiff has consistently brought similar claims in his individual capacity and as next of kin and beneficiary of Manuel Betancour.

In Betancourt v. Vigoritto Plaintiff brought similar frivolous claims against Defendant, which were also dismissed under 28 U.S.C. § 1915(e). This appears to be a hobby for Plaintiff, but his actions have caused considerable loss of time and effort for this district. Passing this case on to

CIVIL NO. 09-1932                              -3-

the Southern District of New York would be a disfavor to the justice system.

Accordingly, after an examination of the Compliant (**Docket # 2**), and the applicable legal standards, this Court holds that Plaintiff's complaint is frivolous under the standard set forth above, and filed in an improper venue. The complaint is hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Motion to Proceed in  Forma Pauperis is **DENIED** and he is **ORDERED** to pay all costs associated with this action. Judgment shall be entered accordingly.

**SO ORDERED.**
In San Juan, Puerto Rico, this 17th day of September, 2009.

*S/Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. SENIOR DISTRICT JUDGE